UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON WEHLING,
an individual,

       Plaintiff,                          Case No.:

vs.                                        **COMPLAINT**

BDO USA,
a corporation,

       Defendant.

William F. Piper (P38636)
William F. Piper, P.L.C.
**Attorney for Plaintiff**
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009

       The Plaintiff Sharon Wehling, by and through her attorney William F. Piper, PLC., for her complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

       1.      The plaintiff Sharon Wehling was born on June 14, 1952, and she lives in the County of Kalamazoo, State of Michigan.

       2.      The defendant BDO USA is a corporation that did business in the State of Michigan at all times relevant to this complaint.

1

3. This lawsuit arises out of the plaintiff's attempts to obtain a job with the defendant beginning in January 2013 and the defendant's unlawful refusal to hire her.

4. This lawsuit arises in part under the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq.

5. Jurisdiction arises under 28 U.S.C. §1331.

6. Certain claims in this lawsuit arise under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 6 of this complaint.

8. In 2012 Ms. Wehling received an associate's degree from Kalamazoo Valley Community College.

9. In January 2013 Ms. Wehling had résumés on the internet that included, among other things, information about her having received an associate's degree from Kalamazoo Valley Community College in 2012.

10. In late January 2013 Lauren Tobin, a Human Resources recruiter for the defendant, called Ms. Wehling and indicated, among other things, that she was looking to fill an investigative due diligence position and that she would love to talk to her about her background for the position.

11. Ms. Tobin also told Ms. Wehling that she had received her résumé, that her background and skill set would lend itself well to the investigative due diligence role in the defendant's Grand Rapids office that she was looking to fill, and that she would like to speak to her.

12. Ms. Wehling called Ms. Tobin on January 31, 2013.

13. In that January 31, 2013 conversation, Ms. Tobin told Ms. Wehling that the position she was looking to fill was an entry level position that paid $40,000.00 a year.

14. In the aforementioned January 31, 2013 conversation Ms. Tobin told Ms. Wehling on two occasions that she was looking for someone fresh out of college.

15. Ms. Wehling explained to Ms. Tobin that she had received an associate's degree in 2012, that she had been working on a contract assignment, and that she was a mature worker with a solid work background who was over the age of 40.

16. Ms. Tobin responded by telling Ms. Wehling that, "we are looking for someone more junior."

17. Stunned and disheartened, Ms. Wehling queried, "As in younger?" or words to that effect.

18. Ms. Tobin paused, and then referenced, "entry level."

19. Ms. Tobin then curtly told Ms. Wehling that "the interviews are closed," and she terminated the phone call.

20. Ms. Wehling was extremely shocked, humiliated and upset by the discriminatory comments and conduct of Ms. Tobin and the defendant.

21. Ms. Wehling then filed an age discrimination complaint with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission.

22. Approximately 2 – 3 weeks after Ms. Wehling filed a complaint with the administrative agencies referenced above, Ms. Wehling received a call from a representative of the EEOC requesting that she apply for a position with the defendant. She then heard from a recruiter of the defendant asking her to appear in Grand Rapids for an interview for a litigation associate position.

23. In March 2013 Ms. Wehling interviewed with the defendant in Grand Rapids for the litigation associate position.

24. Some time after her interview the defendant informed Ms. Wehling that it had decided to hire others for the position or positions in question because they had had more experience.

25. The defendant's explanation was a pretext, because it had previously represented that the position was an entry level position, and it was only presenting to Ms. Wehling the appearance of fairness in order to attempt to placate her as a result of her administrative complaints.

26. Upon information and belief, the defendant hired substantially younger persons for the positions Ms. Wehling had expressed an interest in or had

applied for, or both, persons whom had not filed administrative complaints of discrimination against the defendant.

27. As a result of the events set forth above, Ms. Wehling has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life, and other consequential and incidental damages.

## COUNT I – AGE DISCRIMINATION

28. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 27 of this complaint.

29. The defendant refused to hire Ms. Wehling for various positions set forth above because of her age.

30. The reasons given by the defendant for not hiring Ms. Wehling were pretexts.

31. A a result of the discrimination set forth above, Ms. Wehling suffered the damages set forth above.

32. The defendant's discrimination set forth above was willful and not reasonable.

33. This claim is actionable under the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq. and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq.

WHEREFORE, the plaintiff Sharon Wehling requests a judgment against the defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for her loss of income

and benefits; and compensation for all intangible damages she suffered and will continue to suffer in the future; liquidated damages recoverable under 29 U.S.C. §626(b); and all recoverable interest, costs, attorney's fees and any other relief this court deems fair and just.

## COUNT II – RETALIATION

34. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 33 of this complaint.

35. The defendant refused to hire Ms. Wehling because she had complained about age discrimination, including to Ms. Tobin directly and then to administrative agencies.

36. As a result of the retaliation set forth above, Ms. Wehling suffered and will continue to suffer the damages set forth above.

37. The defendant's retaliation set forth above was willful and unreasonable.

38. This claim is actionable under the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq. and the Elliott-Larsen Civil Rights Act, MCL 37.2701 et. seq.

WHEREFORE, the plaintiff Sharon Wehling requests a judgment against the defendant that would include appropriate legal relief, including reinstatement or front pay; appropriate legal relief, including compensation for her loss of income and benefits; compensation for all intangible damages she suffered and will continue to suffer in the future; liquidated damages recoverable under 29 U.S.C. §626(b); and

all recoverable interest, costs, attorney's fees and any other relief this court deems fair and just.


Dated: June 18, 2014	WILLIAM F. PIPER, PLC.
	Attorney for Plaintiff


	By:	/s/ William F. Piper
		William F. Piper (P38636)
	BUSINESS ADDRESS:
		1611 West Centre Ave., Ste 209
		Portage, Michigan 49024
		Phone: 269.321.5008
		Fax: 269.321.5009